IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICKY B. HICKMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 12-218-GMS |
| | ) | |
| G.R. JOHNSON, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Ricky B. Hickman. *Pro se* petitioner.

Elizabeth R. McFarlan. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

March 29, 2013
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") (D.I. 1) filed by petitioner Ricky B. Hickman ("Hickman"). (D.I. 3) The State has filed a motion to dismiss the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244. (D.I. 14) For the reasons that follow, the court will grant the State's motion to dismiss the petition.

I.     **PROCEDURAL BACKGROUND**

On June 25, 2003, a Delaware Superior Court jury convicted Hickman of delivery of cocaine and delivery of cocaine within 1,000 feet of a school. (D.I. 14 at 1) The Superior Court sentenced Hickman as an habitual offender to life in prison for delivery of cocaine and to ten years in prison for delivery of cocaine within 1000 feet of a school. *Id.* at 1-2. The Delaware Supreme Court affirmed Hickman's convictions on direct appeal on March 24, 2004. *Hickman v. State*, 846 A.2d 238 (Table), 2004 WL 691970 (Del. Mar. 24, 2004).

On May 16, 2006, Hickman filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on September 6, 2006. *State v. Hickman*, 2006 WL 2663014 (Del. Super. Ct. Sept. 6, 2006). Hickman did not appeal that judgment.

On June 18, 2010, Hickman filed a second Rule 61 motion. The Superior Court denied the motion on June 28, 2010 after determining that it was untimely and that the claims were procedurally defaulted under Rule 61(i)(2) and (4). (D.I. 14 at 2) Hickman filed two motions for reconsideration, which were denied. He then filed a notice of appeal from the denial of his Rule 61 motion on August 11, 2010, which the Delaware Supreme Court dismissed as untimely on

December 21, 2010. *Hickman v. State*, 12 A.3d 1154 (Table), 2010 WL 5239181 (Del. Dec. 21, 2010).

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Hickman's petition, filed in February 2012, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Hickman does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Hickman's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Hickman's convictions and sentences on March 24, 2004, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, his convictions became final for the purposes of § 2244(d)(1)(A) on June 23, 2004. Accordingly, to comply with the one-year limitations period, Hickman had to file his § 2254 petition by June 23, 2005. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Hickman did not file his habeas petition until February 12, 2012,[2] almost seven full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this

---

[2]Pursuant to the prisoner mailbox rule, the court adopts as the filing date on which Hickman signed the petition: February 12, 2012. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

case, neither of Hickman's two Rule 61 motions have any statutory tolling effect, because they were filed after the expiration of AEDPA's limitation's period: his first Rule 61 motion was filed on May 16, 2006, and his second Rule 61 motion was filed on June 18, 2010. Thus, the petition must be dismissed as time-barred, unless equitable tolling is available.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Hickman asks the court to equitably toll the limitations period because he is actually innocent. He contends that he is actually innocent of one of the delivery convictions because his conviction for both delivery of cocaine within 1000 feet of a school and delivery of cocaine violated the double jeopardy clause.

To begin, whether or not a freestanding actual innocence claim is cognizable on federal habeas review remains an open question in Supreme Court jurisprudence. *See House v. Bell*, 126

4

S.Ct. 2064, 2087 (2006). As a general rule, a claim of actual innocence, if proven by new reliable evidence that was not presented at trial, permits a court to review the merits of an otherwise defaulted claim; in other words, an actual innocence claim is a **gateway** for excusing procedurally defaulted claims. *Id.* at 2077, 2087; *Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004). Here, Hickman's statutory interpretation argument does not constitute "new reliable evidence" to demonstrate his actual innocence, if only because his argument regarding legislative intent and the alleged misinterpretation of 16 Del. Code Ann. §§ 4762, 4767 was available to him at trial. (D.I. 17) Thus, because Hickman has failed to make a credible gateway showing of actual innocence, Hickman's assertion of actual innocence does not warrant equitable tolling.

Hickman has not provided any other reason to equitably toll the limitations period. He also cannot demonstrate that he exercised reasonable diligence in pursuing his claims, because he waited more than two years to file a notice of appeal from the denial of his Rule 61 motion, and then waited almost another full year after that to file the instant petition. And finally, to the extent Hickman's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For the foregoing reasons, the court concludes that the doctrine of equitable tolling is not available to Hickman on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the

denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Hickman's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Hickman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.